IRWIN, McCLATCHEY & IRWIN ; C. D. PHILLIPS, for plaintiff in error.

J. L. BROWN, for defendants.

### GREEN *vs.* ROGERS.

1. A mortgage of all other articles in a certain store of every description, after enumerating certain specified goods, and " of all future purchases which he may purchase, or goods which he may come possessed of hereafter in said store," is such a description of property as is certain enough to sustain the validity of the mortgage as between the mortgagor and mortgagee.

2. In an affidavit of illegality, the effect of which is to suspend the process of the court, the grounds should be set out in such manner as to show clearly that the execution is proceeding illegally by the conduct of the plaintiff or of the officers of the law: therefore, an allegation that the mortgage was altered without stating who altered it, or that it was done without the consent of the mortgagor, was properly held insufficient; and so too an allegation that " the property levied on by said mortgage *fi. fa.* was advertised to be sold by virtue of a *fi. fa.* in favor of Samuel M. Rogers against this deponent, and there is no *fi. fa. vs.* this deponent in favor of Samuel M. Rogers", was properly ruled to be insufficient, because the ground does not exclude the idea that it was also advertised for sale under levy of this *fi. fa.* of this plaintiff.

3. An affidavit of illegality to the effect that the plaintiff had agreed, in consideration of the payment of thirty-five dollars and the delivery of sundry notes as collateral security, that "indulgence for thirty days from that day should be given *upon said fi. fa.*," is insufficient under the principle ruled in 4 *Ga.*, 185.

JACKSON, Justice.