J. E. HOWELL AND LLOYD C. BELL, AS COPARTNERS UNDER THE NAME AND STYLE OF HOWELL & BELL, THE CLARK RAY JOHNSON COMPANY, A FLORIDA CORPORATION, MARTEL LUMBER COMPANY, A FLORIDA CORPORATION, AND W. B. JOHNSON, APPELLANTS, v. COMMERCIAL BANK (OCALA BRANCH) A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF FLORIDA, APPELLEE.

1. Objections to testimony not presented to nor ruled on by the Circuit Court will not be considered here.

2. In the absence of an attack upon the equity of a bill seeking to enforce an equitable lien on personal property based upon a personal agreement no "creditors or subsequent purchasers for a valuable consideration and without notice" being involved, a decree of foreclosure fully justified by the evidence will not be disturbed.

3. It cannot be assigned as error that the court imposed an improper condition for a supersedeas bond.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*H. L. Anderson,* for Appellants.

*W. K. Zewadski,* for Appellee.

COCKRELL, J.   The Commercial Bank exhibited its original bill against the above named appellants to enforce a lien upon five mules, basing its equity upon an "equitable mortgage" and a "purchase money lien."   A demurrer to the bill was sustained, with general leave to the complainant to amend its bill.   In compliance with the leave so granted an amended bill was filed   alleging a   parol mortgage of the mules to secure the payment of money advanced to the purchasers thereof Howell & Bell and full knowledge of these facts to the Martel Lumber Company and the others named in the bill in whose possession the mules were. No attack was made on the amended bill by demurrer, but there was a motion to strike on. various grounds more or less inconsistent with each other.   The motion was properly overruled.   The amended bill was a restatement of the original bill in more certain form and did not state a new cause of action.

A decree pro confesso was entered against Howell & Bell, and the other defendants answered.   Voluminous testimony was taken and upon final hearing the court decreed a sale of the mules for the money due the bank.   No objections to the testimony appear to have been presented to the court nor are there any rulings thereon and consequently the errors assigned upon the supposed rulings on the testimony will not be considered.

Among the specific findings of the Chancellor that are fully sustained by the evidence we note that the Martel Lumber Company which the testimony developed was the party in actual possession of the mules was fully apprized

3* S. C.

of the claim of the bank before any consideration passed, and in fact that no consideration had ever passed, but that during the procrastination of the litigation had used the mules for its own purposes without payment of a cent to any one and with uncertainty as to the liability to any one at any time for them.    There are many circumstances in the record that places this defendant in an unenviable position in a forum of equity.

In the absence of an attack  upon the  equity of  the amended bill we do not feel disposed to go  thoroughly into the question, but content ourselves with saying that many courts of the highest respectability have held that a parol agreement is sufficient to make out an equitable lien on personal property and to call attention to the fact that since the decision of Reese v. Taylor, 25 Fla. 283, 5 South. Rep. 821, there has been a change in the statutes  there construed so that now the recording of a chattel mortgage is requisite only as to "creditors or subsequent purchasers for a valuable consideration and without notice."   Rev. Stats. of 1892, section 1983.

There is nothing in the point as to necessary  parties raised here for the first time.   Nothing said  by us   in Florida Land Rock Phos. Co. v. Anderson, 50 Fla. 501, 39 South. Rep. 392, justifies the attack.

The appellants assign as error that when subsequent to the enrollment of the final decree of the Martel Lumber Company applied for a supersedeas the court required as a condition therefor that some one of the appellants enter into bond to pay the amount of the final decree.

This is not a matter for an assignment of error on an appeal from the final decree, but if the court upon whom the statute casts the duty of fixing the conditions violates its discretion therein, a different procedure is called for.

Appeal and a supersedeas should not be confounded. See Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441.

The decree is affirmed at the cost of the Martel Lumber Company.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.