J. E. DAVIS AND L. M. DAVIS, HIS WIFE, J. E. DAVIS, JR., AND J. B. JOHNSON, AS TRUSTEE IN BANKRUPTCY OF J. E. DAVIS AND W. E. DAVIS LATE CO-PARTNERS AS DAVIS BROTHERS, *Appellants,* v. E. C. HORNE, *Appellee.*

MORTGAGES—DESCRIPTION OF PROPERTY IN—CONDITIONS PRESCRIBED FOR SUPERSEDEAS BOND NOT ASSIGNABLE AS ERROR ON APPEAL.

1. As against third persons a mortgage must point out its subject matter so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests; but between the parties it is only necessary to identify the chattels so that the mortgagee may say with a reasonable degree of certainty what property is subject to his lien; and parol evidence is admissible to more clearly identify it.

2. On an appeal from orders and decrees made in an equity cause, an order, made subsequently to the entry of such appeal,

prescribing the amount and conditions of a supersedeas bond on such appeal, cannot be assigned as error.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson* and *F. L. Rees,* for appellants;

*Roberson & Small, M. F. Horne* and *J. L. Lee,* for appellee.

TAYLOR, J.—The appellee as complainant below filed his bill in equity in the circuit court of Suwannee county against the appellants as defendants below, for the foreclosure of a mortgage and therein prayed for an injunction to restrain the defendants from disposing of the properties alleged to have been mortgaged, and for the appointment of a receiver for such properties. Injunction was granted as prayed and a receiver was appointed to take charge and control of the mortgaged properties. The defendants upon a demurrer and answer to the bill moved for dissolution of the injunction and discharge of the receiver, but such motion was denied, and to have these rulings reviewed the defendants have appealed here.

From the allegations of the bill it appears that the defendant, J. E. Davis, was conducting a saw-mill and naval stores or turpentine business in the county of Suwannee, and being in need of ready cash with which to pay off his labor and other pressing demands obtained advancements of cash from the complainant, and to se-

cure the payment thereof he, the said J. E. Davis, with his wife L. M. Davis, executed to the complainant the mortgage sought to be foreclosed herein. The properties included in this mortgage are therein described as follows: "The parties of the first part (the defendants J. E. and L. M. Davis) in order to secure the payment of any and all amounts of money, on demand, that may be now due and owing by the parties of the first part, or either of them, to the party of the second part, or that may hereafter become due or owing by the parties of the first part or either of them to the party of the second part for labor, money advances and for value received, does hereby, grant, bargain, sell, convey and mortgage unto the party of the second part, and to his heirs and assigns forever in fee simple all the following described property situated, lying and being in Suwannee county, Florida, to-wit: All the real estate and timber or timber interest of whatsoever nature, kind or description that is owned by the parties of the first part or either of them; also all and singular the personal property that is owned by the parties of the first part or either of them, including all of the saw-mill interests, machinery, timber and teams of the parties of the first part or either of them, and also the entire gin interest and property of the parties of the first part or either of them; also all of the entire farm and farm products, farm stock and growing crops of the parties of the first part or either of them, all the turpentine interest of the parties of the first part or either of them, all of the mercantile interest, and stock of goods, wares and merchandise of the parties of the first part or either of them, and all of the live stock of all natures, kinds and descriptions of the parties of the first part or either of them, together with the farm, and the improvements thereon, that is now owned and

that may be hereafter owned by the said parties of the first part in said county during the time that the parties of the first part or either of them may be indebted to the party of the second part, either directly or indirectly."

The motion of the defendants to dissolve the injunction, etc., assails the sufficiency of the description of the property in the mortgage taking the ground that such description is too vague, indefinite and uncertain to identify any specific property.

It must be borne in mind that the contest here is directly between the parties to the mortgage. As to the description of the property mortgaged the rule is correctly stated in 6 Cyc. 1022 as follows: "As against third persons the mortgage must point out the subject-matter so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests; but between the parties it is only necessary to identify the chattels so that the mortgagee may say with a reasonable degree of certainty what property is subject to his lien." Green v. Rogers, 62 Ga. 166; Ranck v. Howard-Sansom Co, 3 Tex. Civ. App. 507, 22 S. W. Rep. 773. In the case last cited it is held that in a case of a general description of property in a mortage parol evidence is admissible to more clearly identify the property.

As between the parties to this mortgage we are of the opinion that the description of the property intended to be mortgaged is sufficient to sustain the lien, and that parol evidence will be admissible to definitely identify any property covered thereby, the criterion being that such property was owned by either of the defendants, J. E. or L. M. Davis, in the county of Suwannee at any time since the execution of the said mortgage.

The said motion also claims dissolution of the injunction upon the ground that the answer of the de-

fendant J. E. Davis shows that he had been adjudged a bankrupt in the federal court, and that the complainant had foreclosed his said pretended mortgage in the bankruptcy court. The answer does not allege any such fact, but alleges that the complainant merely filed his claim with his mortgage attached with the bankruptcy court, and then draws the conclusion that such filing constituted a foreclosure.

We think the bill makes out a case entitling the complainant to a foreclosure of his mortgage, provided he can now locate and identify any of the property intended to be covered thereby, and we think further that from the allegations of the bill and the affidavits adduced on the motion to dissolve the injunction in support of said bill that the court below did not err in granting such injunction nor in appointing a receiver of the mortgaged properties, nor in his refusal to dissolve such injunction or to discharge the receiver.

The orders and decrees appealed from are hereby affirmed at the cost of the appellants. It is assigned as error here that the circuit judge in fixing the conditions, under the statute, of the supersedeas bond on appeal prescribed an erroneous condition for such bond. As was held in the case of Howell v. Commercial Bank, 51 Fla. 460, 40 South. Rep. 76, this is not a matter upon which error can be assigned on an appeal from decrees or orders preceding such appeal.

COCKRELL, HOCKER, WHITFIELD, and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., absent on account of sickness in his family.