LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. ED. WANG, *Defendant in Error.*

1.  Section 2873 of the General Statutes of 1906 provides that an action may be brought against a railroad company to recover damages for live stock killed or injured upon the railroad of such company by "the person having the general or special property in said live stock." A plea filed to the declaration in such action which merely avers that "the plaintiff is not the owner of the property sued for" may not be as carefully framed as it might have been and as the principles of good

pleading require, but it is sufficient to withstand an attack made upon it by a demurrer upon the grounds that it is "not pertinent to the issues," "sets up no defense to the plaintiff's claim," "is not responsive to the declaration," "is otherwise vague, indefinite, uncertain and insufficient."

2. Where a demurrer was erroneously sustained to a plea, but it plainly appears that only technical error was committed thereby and that no harm resulted to the defendant from such ruling, such error does not call for a reversal of the judgment.

3. Section 2495 of the General Statutes of 1906 expressly provides that "a mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." This applies to mortgages on personalty as well as upon realty, and in neither case does the failure of the mortgagor to comply with the conditions of the mortgage vest the title to the mortgaged property in the mortgagee or give him the right of possession thereof.

4. Section 2875 of the General Statutes of 1906 provides that, in an action brought against a railroad company to recover damages for the injuring or killing of live stock, in which the plaintiff recovers as therein specified, the court shall "render judgment against the defendant in favor of the plaintiff for all costs of the said suit, which said costs shall include a reasonable attorney's fee, said fee to be determined by the court." While there should be proof of the reasonableness of the amount of the attorney's fee so determined by the court, such proof would not properly form a part of the evidence introduced at the trial, since the jury have nothing to do with fixing the amount of such fee. In the absence of any showing in the transcript of the record that no such proof was before the court, an appellate court will not presume that there was no such proof, every presumption being in favor of the correctness of the rulings and acts of the trial court.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for Plaintiff in Error;

*S. K. Gillis,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action against the plaintiff in error for damages for the killing of two head of cattle. The declaration is based upon section 2871 of the General Statutes of 1906 and claims double damages and an attorney's fee, as is provided by such section when the railroad company has failed to erect and maintain fences along the sides of the railroad track. The declaration alleges the giving of the proper notice, and its sufficiency was not called in question by a demurrer. The defendant filed a plea of not guilty and later on, by leave of court, filed three additional pleas, which are as follows:

"For plea to the declaration herein filed, the defendant says that the plaintiff is not the owner of the property sued for."

"The defendant, by its attorneys, for further and additional plea to the declaration herein filed, says,

1. That the plaintiff, in his alleged notice to the railroad company, as alleged in his declaration, claimed the value of the property to be $135.00, and that defendant's valuation was $110.00, which defendant was ready and willing to pay, but that the defendant was notified by A. E. Campbell and A. D. Campbell, doing business as Campbell Company, not to pay the plaintiff, as they held a mortgage upon the property alleged to have been killed,

of which mortgage the plaintiff had knowledge; that Campbell Company was ready and willing to accept $110.00, the value placed by the defendant, but plaintiff objected thereto and instituted suit for the value placed by defendant.

2. That defendant has at all times been ready and willing to pay the said $110.00 to the party entitled to the same; that at the time the said property was killed, there was a suit pending for the foreclosure of said mortgage of Campbell Company, and a decree was rendered in favor of Campbell Company, in August, 1909, long prior to the institution of the suit by the plaintiff."

To all of these additional pleas the plaintiff interposed the following demurrer:

"The plaintiff in the above stated case demurs to the additional pleas filed herein because,—

1. The said pleas are not pertinent to the issue tendered herein.

2. Said pleas set up no defense to the plaintiff's claim.

3. Said pleas are not responsive to the declaration.

4. And because the said pleas are otherwise vague, indefinite, uncertain and insufficient."

· The sustaining of this demurrer to all of such additional pleas forms the basis for the first assignment. We have several times had occasion to discuss the statutory requirements that the substantial matters of law intended to be argued shall be stated in the demurrer. See Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950, and other decisions of this court therein cited. No point is made thereon, but it may well be questioned whether this demurrer sufficiently complies with the requirements of the statute. We content ourselves with simply referring to what we have said in the cited cases. It may also be true that the assignment is too broad in

that it questions the correctness of the ruling in sustaining the demurrer to three separate and distinct pleas, but this point is not raised, so that we do not feel called upon to consider or discuss it. The first additional plea to which the demurrer was sustained was a denial of the ownership of the cattle in question by the plaintiff. This plea is not as carefully framed as it might have been and as the principles of good pleading require. It is simply a broad denial of the ownership generally. Section 2873 of the general Statutes of 1906 provides that "suit may be brought in any court of this State having competent jurisdiction by the person having the general or special property in said live stock, but nothing herein shall be construed to authorize two suits by different parties for the same cause of action." It may well be true that if the defendant desired to raise and contest the question of plaintiff's ownership of the cattle he should have done so by a special plea. Rule 71 of Rules of Circuit Court in Common Law Actions, which rules were adopted by this court and became effective on the first day of June, 1873, and prefixed to 14 Fla., is as follows:

"In actions for *torts*, the plea of Not Guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration."

We discussed the application of this rule in Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 433, 43 South. Rep. 318, text 328. Also see Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019, and Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, text 158, 59 South. Rep. 634, text 636. We would also refer to 2

Chitty's Pleading (16th Amer. Ed.) 635 and 670. Owing to the statutory provision, which we have copied above, such special plea should have been framed with more particularity than the one now under consideration. However, we are of the opinion that it was sufficient to withstand the attack made upon it by the demurrer directed against it, therefore, the court committed error in sustaining the demurrer interposed thereto. We are further of the opinion that while this is true only technical error was committed and that no harm resulted to the defendant from such ruling. It developed in the proofs adduced at the trial that the defendant was relying upon an outstanding mortgage, the condition of which had been broken, to show the lack of ownership in the plaintiff. This defense was attempted to be set up in the second and third additional pleas, which we have copied above, to which the demurrer was also sustained.

The defendant relies upon the holding in Phillips v. Hawkins, 1 Fla. 262, that "On failure of a mortgagor to comply with the condition of the mortgage, the title to personal property becomes absolute in the mortgagee, and he may reduce it to possession." This is no longer the law. See Hope v. Johnson, 28 Fla. 55, text 66, 9 South. Rep. 830, text 833. Section 2495 of the General Statutes of 1906, originally enacted in 1853, expressly provides that "A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." Also see decisions of this court collected in Hull v. Burr, 58 Fla. 432, text 473, 50 South. Rep. 754, text 767. These two pleas constitute no defense to the action and no error was committed in sustaining the demurrer thereto. As we have seen, the demurrer was addressed to all three special pleas, and it may well have been at the hearing

thereof it developed in the argument that the defendant was relying on the existence of the mortgage to defeat the ownership of the plaintiff, and for this reason the trial court may have felt justified in sustaining the demurrer to the first plea as well as to the second and third. Although several errors are assigned, we do not feel called upon to discuss them in detail. The main argument of the plaintiff in error is in support of the first assignment, much stress being laid upon the principle enunciated in Phillips v. Hawkins, *supra,* which, as we have seen is no longer the law.

The only other assignment we shall treat is the 12th, which is as follows:

"12.  The court erred in entering judgment and allowing an attorney fee for the plaintiff without evidence as to the reasonableness of such fee."

We find that the verdict of the jury fixed the value of the two oxen killed at $110.00, whereupon the court entered judgment against the defendant for the sum of $220.00, "being double the value of the said oxen as found by the jury, and also the sum of Thirty Dollars ($30.00) attorney's fee for the plaintiff in said suit," together with the costs of the suit. There is a prior recital in the judgment as to "the plaintiff having employed an attorney in said cause, and the court finding that $30.00 is a reasonable attorney's fee," therefore, &c. It is true that the bill of exceptions contains the certificate of the trial judge to the effect that it "contains all the evidence introduced at the trial." It will be observed that Section 2875 of the General Statutes of 1906 provides that "the judge of the court trying the case" shall upon proper findings "render judgment against the defendant in favor of the plaintiff for all costs of the said suit, which costs shall include a

reasonable attorney's fee, said fee to be determined by the court." Conceding the correctness of our holding in Gunby v. Drew, 45 Fla. 350, 34 South. Rep. 305, as to the allowance of attorney's fees that "there is no difference in principle between the contractual and statutory liability" and that there should be "proof of the reasonableness of the amount thereof," it still does not follow that this assignment has been sustained. Such proof would not have to be adduced before the jury, since such fee is "to be determined by the court," therefore the certificate of the judge that the bill of exceptions "contains all the evidence introduced at the trial in the above stated cause," does not negative his having taken proof as to the reasonableness of the amount of the attorney's fee to be allowed the prevailing plaintiff and taxed as a part of the costs. That he did do so would coincide with the recital in the judgment as to "the court finding that $30.00 is a reasonable attorney's fee." Be that as it may, it was the duty of the plaintiff in error to sustain this assignment and make the error complained of clearly to appear to us, the presumption being in favor of the correctness of the action of the trial judge. See McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940, and Covington v. Clemmons, decided at the present term. It is not, and could not successfully be, contended that $30.00 is an excessive or unreasonable attorney's fee. On the contrary, it is evident that it is a very modest compensation for the services rendered by the plaintiff's attorney. This assignment has not been sustained.

Having found no reversible error, the judgment must be affirmed.

WHITFIELD C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.