C. W. ZARING & COMPANY, a Corporation, *Plaintiff in Error*, v. A. LEE HUMPHREYS, *Defendant in Error*.

Opinion Filed June 17, 1914.

1. A judgment for costs alone, though entered for the defendant after a verdict in his favor, will not support a writ of error,

since such a judgment does not adjudicate the merits of the cause or dispose of the action, and is consequently not a final judgment.

2.  Where a writ of error purports to be taken to a final judgment, and no final judgment appears in the transcript of the record proper, the court should not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not.

Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Writ of Error dismissed.

*D. M. Gornto,* for Plaintiff in Error;

*Humphreys & Blackwell,* for Defendant in Error.

PER CURIAM.—In an action brought by the corporation against A. Lee Humphreys as an endorser before delivery of certain promissory notes, there was a directed verdict for the defendant, on which a judgment was rendered that "the defendant, A. Lee Humphreys, do have and recover of and from the plaintiff, C. W. Zaring & Company, a Corporation, * * * the sum of five and 40-100 dollars here taxed as his costs." There was no other judgment for the defendant. A writ of error was taken by the plaintiff corporation.

A judgment for costs alone, though entered for the defendant after a verdict in his favor, will not support a writ of error, since such a judgment does not adjudicate the merits of the cause or dispose of the action, and is consequently not a final judgment. Graves v. J. M. Harris & Bro., 61 Fla. 254, 54 South. Rep. 390; Dexter v. Sea-

board Air R. Co., 52 Fla. 250, 42 South. Rep. 695; Hall v. Patterson, 45 Fla. 353, 33 South. Rep. 982; Goldring v. Reid, 60 Fla. 78, 53 South. Rep. 503.

Where a writ of error purports to be taken to a final judgment and no final judgment appears in the transcript of the record proper, the court should not proceed to consider the errors assigned, but should dismiss the writ of error, whether a motion be made for that purpose or not Flournoy v. Interstate Electric Co., 61 Fla. 214, 55 South. Rep. 983.

Attention is called to the fact that the transcript does not contain an exception to the order overruling the motion for a new trial.

The writ of error is dismissed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.

HOCKER, J., absent.