ADDIE C. RICHARDSON, a Free Dealer, *Appellant,* vs. W. A. MYERS, M. D., R. T. JOUGHIN, Sheriff of Hillsborough County, Florida, *Appellees.*

143 So. 157.

Division B.

Opinion filed July 8, 1932.

*Hampton, Bull & Crom,* for Appellant;

*Harry N. Sandler* and *Marcus F. Brown,* for Appellees.

WHITFIELD, P. J.—In 1930 a married woman free dealer leased described premises with stated equipment and fixtures for a term of years, the lease being executed by both parties under seal and attested by two subscribing witnesses, and containing a provision that

"It is hereby further agreed that the said lessor shall have a lien for the payment of the rent aforesaid upon all the goods, chattels, fixtures and equipment of the said lessees which are or may be put on said demised premises and such lien may be enforced upon the non-payment of any of the rent aforesaid by the taking and sale of such property in the same manner as in the case of chattel mortgage or default thereof."

The lessor brought suit alleging default in payment of $800.00 rent, and that complainant

"filed an affidavit and caused to be issued a distress for said sum of $800.00 upon certain personal property in said premises described upon the sheet hereto attached marked exhibit 'B'."

That thereafter the lessee

"did file a schedule and application for exemption; claiming the said property as exempt from seizure and sale, by reason of the fact that he was the head of a family residing in the State of Florida; that the property described on said sheet was and constituted his chattel homestead exemption, and the Sheriff of Hillsborough County, Florida, thereupon delivered said property to the said lessee."

That thereupon lessor borbade the lessee to remove the property

"from the place now stored, but the said lessee has re- fused to recognize the lien of your oratrix stipulated and agreed in said lease, and is removing, or attempting to remove said property, and your oratrix believes that the said lessee, unless restrained and enjoined * * * will move said property beyond the jurisdiction of the Court."

It is prayed that the lien of the lessor be enforced with appropriate injunctions, etc. A temporary injunction was granted. Later the bill of complaint was dismissed upon a motion filed December 1, 1931, as authorized by Section 33, Chapter 15658, 1931 Chancery Act; Section 4902 (14) Cumulative Supplement, 1932, to Compiled General Laws, 1927. The lessor appealed.

The appellant lessor in effect contends that the above quoted provisions in the lease contract gives her a chattel mortgage which she may enforce in equity against chattels of the lessee upon the leased premises; while the appellee lessee contends that the quoted provision in the lease con- tains no waiver of lien exemptions and is nothing more than the lien for rent given by statute to the lessor; and as the lessor had proceeded at law to enforce the statutory lien for rent, and the lessee's exemption had been claimed in such proceedings, the lessor cannot now claim a right to enforce in equity a supposed chattel mortgage predicated upon the quoted provision of the lease so as to defeat the lessee's already asserted exemption.

It is clear that the lien provision of the lease contract is and was intended to be a chattel mortgage to secure the payment of the rent in addition to the statutory lien for rent; and the distress proceeding for rent under the statute is not inconsistent with and does not preclude a foreclosure in equity of the chattel mortgage, the lien given by the lease contract being sufficient without a waiver of exemp- tions. See Roper et al. v. Hackney et al, 15 Fla. 323, 330. Under the statute of 1853 the mortgage is a mere lien, L.

& N. R. R. Co. v. Wang, 61 Fla. 299, 55 So. 73; Section
5725 Compiled General Laws, 1927. The description of the
property covered by the lien is sufficient as between the
parties.

"as against third persons a mortgage must point out
its subject matter so that the third person may identify
the property covered by the aid of such inquiries as the
instrument itself suggests; but between the parties it is
only necessary to identify the chattels so that the mort-
gagee may say with a reasonable degree of certainty
what property is subject to his lien; and parol evidence
is admissible to more clearly identify it." Davis et al.
v. Horne, 54 Fla. 563, 45 So. 476.

See also 11 C. J. 456. The description in the Patterson-
Taylor case included "all the corn and cotton that I may
make the present year." The description of the mortgaged
property in this case is "all the goods, chattels and fixtures
and equipment of the said lessee which are or may be put
on said demised premises." The bill of complaint refers
to personal property of the lessee "in southwest two rooms,
Sulphur Springs Arcade Building" the leased premises
being "the southwest two (2) rooms in the new Sulphur
Springs Arcade Building."

In Carter's Administrators v. Carter et al., 20 Fla. 558,
there was no mortgage or contract lien and the note merely
agreed that all the debtor's real and personal estate and
effects should be subject to levy and sale in execution,
waiving and relinquishing all benefit of any law exempting
such estate and effects from such levy and sale. The court
held such waiver and agreement covering all of the debtor's
property to be inoperative as against the policy of the ex-
emption laws of the State. Here a contract lien was given
on designated classes of property of the lessee, that may be
identified as those "which are or may be put on said de-
mised premises." As between the parties such description
is sufficient since the chattels referred to may with reason-
able certainty be ascertained by the description given, the

term of the lease being stated and the premises on which such chattels of the lessees "are or may be put" being specifically described.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.