Suit between Sam Hussein and Pauline Hussein, his wife, and Percy C. Bevins and Estelle Bevins, his wife. From a supplemental money judgment, Sam Hussein and Pauline Hussein appeal and obtain an order granting a supersedeas on their filing a bond providing for the payment of attorney's fee.
Reversed in part.
On November 16, 1948, the Chancellor entered a supplemental money judgment against appellant. Plaintiff appealed and obtained an order from the Chancellor granting a supersedeas upon appellant's filing a bond, "conditioned to satisfy the decree or any modification not increasing the amount thereof, in full, including costs, interest, and damages for delay, including reasonable attorneys fees in event the appeal be dismissed or the decree is affirmed."
The fifth assignment of error presented on appeal is as follows:
"5. The Court erred in its amended order setting terms and conditions of supersedeas bond of providing that the supersedeas bond provide for payment of reasonable attorney's fees in event the appeal be dismissed or the decree is affirmed."
The error vel non of exacting a bond conditioned to pay an attorney's fee as above stated as a prerequisite to obtaining a supersedeas has been fully argued by appellants and appellees. The appeal was from a money judgment. The limitation of time for appeal of the previous final decree had expired.
This Court has held that:
"It is assigned as error here that the circuit judge, in fixing the conditions, under the statute, of the supersedeas bond on appeal, prescribed an erroneous condition for such bond. As was held in the case of Howell v. Commercial Bank, 51 Fla. 460, *Page 453 
40 So. 76, this is not a matter upon which error can be assigned on an appeal from decrees or orders preceding such appeal." Davis et al. v. Horne, 54 Fla. 563, 567, 45 So. 476, 477, 127 Am.St.Rep. 151. See also Howell et al. v. Commercial Bank,51 Fla. 460, 40 So. 76.
Since the time of the foregoing decisions this Court has adopted a rule expressly providing that the order fixing the conditions of a supersedeas might be reviewed upon motion. See Sup.Ct. Rule 35(e) and Section 59.13(6), F.S. 1941, F.S.A.
When a party to an appeal is grieved by an order of a trial judge relative to the appeal, there is no question but that this Court may hear and act upon his complaint. Heretofore this Court has expressly refused to consider such complaint where presented by a formal assignment of error instead of by an informal motion. The only difference is in the manner of approach. In this case the question as to whether the trial judge should have prescribed the condition for obtaining a stay or supersedeas is before us. The question has been fully presented and argued and should be decided. We have jurisdiction to decide, and the rule allowing such matters to be presented by "motion" is for the benefit of the parties to the appeal, and not the court. No objection has been raised to this Court's reviewing the judge's order by any party, and in this instance nothing is shown as to why either the parties or the Court should object. The question raised by the assignment of error and argued will be considered and disposed of.
Section 59.13, F.S. 1941, F.S.A., by paragraph (1) thereof provides that: "If the appeal is from a money judgment or decree, the stay or supersedeas shall be as of right on posting the bond." The conditions of the bond are provided by statute as follows:
"(3) For recovery of money not secured. — When the judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be payable to the adverse party, conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed." Sec. 59.13(3), F.S. 1941, F.S.A.
 Interlocutory appeals — bond to pay attorney's fees.
Relative to supersedeas bond conditioned to pay attorney's fees, exacted as a condition prerequisite to the stay of proceedings pending the determination upon appellate review of an interlocutory order or decree, this Court has stated:
"In determining `the amount and condition of the bond,' the trial court should consider the rights of the parties in the subject-matter of the litigation as such rights may be affected by the supersedeas, including the expense and damage or loss which will probably be caused by the delay in the progress of the cause while the particular appellate proceedings are pending, as well as the nature of the cause and of the matter involved in the appellate proceedings. Attorney fees may not ordinarily be recovered as costs and damages in actions on supersedeas bonds unless properly so made a condition of the bonds. See Vestel et al. v. Eagerton, 92 Fla. 215, 109 So. 456.
"The appeal in this case is from an interlocutory order and the matter involved in the appeal and the rights of the appellee that will be adversely affected by delay following an appeal and supersedeas are of such a nature that indemnity for reasonable attorney fees incurred by appellee in the particular appellate proceedings may fairly and appropriately be made a condition of the supersedeas bond to be paid by appellant in case the order appealed from is affirmed or the appeal dismissed; no provision or principle of law being thereby violated, and the determination of the `court below' as to the `amount and condition of the bond' not being shown to be an arbitrary and unwarranted exercise of the authority conferred by the statute.
"Even if attorney fees may not be recovered in enforcing contract or statutory rights, yet, when an interlocutory appeal is taken which with supersedeas delays the enforcement of rights and causes expense and damage, the payment of reasonable attorney fees for the appellees may in proper *Page 454 
cases be made a condition of the supersedeas bond to indemnify the appellee for expenses and damage incurred by reason of the appeal, should the order be affirmed or the appeal dismissed." Lawson and Columbia Casualty Co. v. County Board of Public Instruction, 114 Fla. 153, 155-156, 154 So. 170, 171.
 Final decree — bond to pay attorney's fees.
Concerning an appeal of a final decree in a mortgage foreclosure suit and an order exacting a bond conditioned to pay a deficiency decree (if one should be later rendered) as a condition to the stay of proceedings, this Court has stated:
"The condition that the obligors of the bond shall pay `all costs, damages and expenses the appellee may sustain, if the said cause (decree) shall be affirmed' or dismissed, would be sufficient to cover any legally provable damages that may be sustained by the appellee because of the appeal and supersedeas. * * *
"The inclusion of the provision in the order that one of the conditions of the bond shall be the payment of a deficiency, should the property sell for less than the amount of the decree, while not warranted by the statutes, and may be regarded as eliminated, does not destroy the efficacy of the order. * * *" Holgate et al. v. Jones, 93 Fla. 269, 275, 111 So. 626, 628.
The case of Kahn v. American Surety Co. of New York, infra, involved an appeal of a final decree of foreclosure of an equitable lien and the supersedeas of the decree pending appeal, wherein this Court in reference to the condition of the bond stated:
"This court is committed to the doctrine that the payment of reasonable attorneys' fees for the appellees may in proper cases be made the condition of a supersedeas bond to indemnify the appellee for expenses and damages incurred by reason of the appeal should the order be affirmed or the appeal dismissed." Kahn v. American Surety Co. of New York, 120 Fla. 50, 54,162 So. 335, 337.
The foregoing suit was a suit on the bond in an action at law subsequent to the affirmance by this Court of the suit wherein the bond was given and before the enactment of Chapter 22854, as now contained in Ch. 59, F.S. 1941, F.S.A.
Appeals of final judgments and final decrees are as of right and when wholly a money judgment or decree the appellant is entitled as of right to a supersedeas upon the giving of a bond as prescribed by Section 59.13, F.S. 1941, F.S.A.
The bond exacted was more than authorized by law and the fifth (5th) assignment of error is sustained.
We have considered the first four assignments of error and find them not well founded.
Reversed in part.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.