SEBRING, Justice.
H. O. Barber was the general contractor on a building project in Dade County, Florida. Barber defaulted on the contract and his surety, All Florida Surety Company, a corporation, expended the sum of $7,500 for the completion of the contract, attorneys’ fees and costs. Thereafter, on March 31, 1954, the surety company instituted an action at law against the general contractor, and Olin P. Wright, Anthony A. Harper and Ralph Coker, who were subcontractors on the job, to recover upon an indemnity bond given by them for the performance of the contract.
On April 17, 1954, the defendant Coker instituted a suit in equity against the surety company and Barber, the general contractor, to have cancelled the indemnity bond which, so he alleged, the subcontractors had signed under the mistaken impression that the bond was given merely to secure the performance of their own subcontracts when in fact the surety company had claimed that the bond had the effect of making the subcontractors partners with the general contractor in respect to the performance of the entire general contract.
Thereafter, on April 19, 1954, the defendant, Olin P. Wright, filed a suit in equity against the surety company and the general contractor seeking the same relief that was being sought by the defendant Coker in his equity suit instituted on April 7, 1954.
Apparently, by reason of a stipulation the exact nature and terms of which are not shown by the record, the equity causes were consolidated and referred to a special master for the taking of testimony and, according to the report of the special master, “the file in the law action was also submitted * * However, the special master takes the position that there has been no lawful reference of this law action to him and that he is without jurisdiction to hear and determine the same.”
In due course the master’s report was filed finding the equities to be with the plaintiffs and against the general contractor and his surety and a final decree was entered in the chancery causes in conformance with the report. So far as we are advised by the record, no final disposition has ever been made of the common law action, which was between the same parties and involved the same subject matter as the equity suits. In the final decree in the equity cause the trial court found, so far as is material here, that the plaintiffs in the chancery suits were not indebted to the surety company on the indemnity bond and that the same should be cancelled; that the special master “is hereby awarded a special master’s fee in the amount of $500.00;” that “the costs in this cause are hereby assessed against the defendant, H. O. Barber [the general contractor] ;” and that “upon the failure of H. O. Barber to pay [the costs] upon demand * * * said costs shall be paid by All Florida Surety Company * * * for which let execution issue.”
The surety company, on March 15, 1955, filed a notice of appeal from the final decree and, on the same day, filed in the trial court a motion for a supersedeas bond, alleging therein that the decree was “in whole or in part other than a money decree” and praying that the trial court fix the amount and conditions of the bond to be filed in order for its appeal to operate as a supersedeas. The motion was denied.
Subsequently, on March 24, 1955, the plaintiffs filed in the trial court a “Motion *764 to Dismiss the Notice of Appeal and Appeal;” alleging- therein that All Florida Surety Company and H. O. Barber, the general contractor, had been the plaintiffs in the original law action against the subcontractors ; that by stipulation of the parties the law action had been consolidated for trial with the chancery suits in which the subcontractors were plaintiffs; that H. O. Barber and All Florida Surety Company had refused to pay the costs of suit in the consolidated suits out of which the final decree appealed from arose, as required by the trial court in the final decree; and accordingly, that the notice of appeal and the appeal should be dismissed.
When the motion came on for hearing the trial court found that the general contractor, Barber, and the All Florida Surety Company had failed to pay the costs of the litigation, as required by the terms of the final decree and the provisions of section 59.09, Florida Statutes, F.S.A., and decreed that the notice of appeal and the appeal should be dismissed “subject; however, to the payment of the costs as required by the Final Decree * * * in which event said Notice of Appeal and Appeal then shall be reinstated.”
The matter is now before this Court on the motion of the appellant, All - Florida Surety Company, that we review and quash the order entered by the trial court dismissing the appeal and the order refusing su-persedeas.
There can be no doubt that the trial court erred in dismissing the appeal. Though the Supreme Court Rules, 30 F.S. A., which became effective on March 15, 1955, confer upon the trial judges broad procedural powers in respect to appeals which have been duly taken to this Court, amended Rule 33, subds. 2 and 3 and Rules 33, subd. 6, 34, subds. 3(f), 5 and 7, it was never the intention of the rules to confer upon the trial judges the power to dismiss appeals in cases where the jurisdiction of this Court has attached by the filing of the notice of appeal within the time provided by Supreme Court Rule 12. Indeed, any attempt to do so would be in direct violation of section 5, Article V, of the Florida Constitution, F.S.A., which confers appellate jurisdiction in certain specifically enumerated cases only upon the Supreme Court of Florida. It follows, therefore, that the order of the trial court dismissing the appeal must be quashed and that any decision as to whether or not the appellant was the original plaintiff in the cause below and consequently bound to pay the costs as a condition of the appeal must be sought in this Court in an appropriate proceeding instituted by the appellees, of which the appellant should be accorded reasonable notice. Rules 7, subd. 2, 29, 30 and 40, subd. 2.
The second point raised by the appellant in its motion involves the propriety of the order of the trial court denying supersedeas to the appellant. In respect to this point Rule 19, subd. 3(a) provides that “If the appeal is from a final money judgment or decree the stay or supersedeas shall be' as of right upon the posting of the bond.” It is the position of the appellant that inasmuch as the decree appealed from required him- to pay the special master’s fee, which was specifically taxed in the sum of $500, and the costs of the suit, as to which no specific sum was decreed, the appeal was from a decree that was “in whole or in part” a money judgment or decree and that consequently he was entitled, by reason of the provisions of Rule 19, subd. 3(a), to supersede the decree appealed from as a matter of right.
We find no merit in this contention. Aside from any consideration as to whether or not a provision in a decree taxing costs against the losing party in a specified sum and ordering execution to issue renders it a decree in whole or in part for the payment of money, where the relief afforded the prevailing party is for something other than the payment of money and the costs are only a mere incident to the right adjudicated, see Hall v. Patterson, 45 Fla. 353, 33 So. 982; C. W. Zaring & Co. v. Humphreys, 68 Fla. 6, 65 So. 665; 4 C.J.S., Appeal and Error, § 136, p. 282; 49 C.J.S., Judgments, § 5; Baar v. Smith, *765 201 Cal. 87, 255 P. 827, it is apparent that the appellant has misconceived the effect of the new rules so far as they relate to supersedeas or stay of money judgments or decrees. As is plainly apparent from a reading of the rule dealing with the matter, supersedeas as a matter of right is accorded by the rules to only two classes of appeal-able judgments or decrees; namely, final money judgments or decrees, Rule 19, subd. 3(a), and certain judgments and decrees entered in probate and guardianship proceedings and cases involving estates of infants. Rule 19, subd. 3(b). The allowance or denial of supersedeas in an appeal from a judgment or decree that is not wholly for the payment of money rests within the sound judicial discretion of the trial court, subject to review by this Court where the order entered on application for stay is deemed to be arbitrary or unreasonable. Rule 19, subd. 10. Consequently, where a judgment or decree appealed from is not wholly for the payment of money, Hussein v. Bevins, Fla., 40 So.2d 452, the allowance of supersedeas rests within the sound judicial discretion of the trial court, and if allowed “the elements to be considered in fixing the amount and conditions of the bond [should] be the cost of the action, cost of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.” Rule 19, subd. 9.
We are unable to say that upon the showing made the trial court abused its sound judicial discretion in refusing to grant supersedeas.
It follows from the conclusions we have reached that the order dismissing the appeal should be set aside and the appeal reinstated; that the motion to set aside the order refusing supersedeas should be denied; and that the appeal should proceed in due course in accordance with the views expressed in this opinion.
It is so ordered.
MATHEWS, C. J., and TERRELL and ROBERTS, JT., concur.