THORNAL,Justice.
Appellant, Mayflower Associates, Inc., was defendant in the Court below in a proceeding in chancery brought by the appellee, Henry Elliott, seeking the appointment of a 'receiver and termination of a ninety-nine year lease on"a hotel. From an order appointing a receiver and the final decree declaring the l’e'ase to be 'at an end/. Mayflower Associates, Inc. appeals.
By his complaint filed April 16, 1954, Elliott alleged that he was the lessor and Mayflower was the lessee under the lease in question. It was further alleged that lessee had breached the lease by its failure to pay the 1953 municipal and county taxes totaling $7,051.40. These became delinquent’ on April 1, 1954, and the lessee had not paid them despite formal • written notice given by lessor on March 8, 1954, in accordance with a provision in the lease that after such notice by the lessor, if the default continued for a period of 30 days, the lease could thereupon be terminated at the option of the lessor. Elliott claimed the right to have a receiver appointed by virtue of a provision in the lease which gave the landlord a first lien on the rents, issues and profits of the hotel property and which further specifi *720 cally provided for the appointment of a receiver for the protection of lessor’s interest upon a default in the obligations assumed by the lessee under the lease.
Appellant Mayflower filed an answer admitting the lease and admitting the default and, so far as we have been able to determine, failing to assert any substantial defense to the cause set forth in the complaint. The answer showed no tender of the amount due for delinquent taxes. The Chancellor appointed the receiver on the day the complaint was filed and, on May 28, 1954, he granted a summary final decree for the landlord Elliott upon finding that no genuine issue existed as to material facts. By the final decree the lease was declared to be at an end, the lessee Mayflower’s interest under the lease was cancelled and incidental relief was granted including the approval of receiver’s costs and the declaration of a lien for attorney’s fees and court costs upon the lessee’s personal property located on the premises. From this decree the lessee Mayflower appeals contending that this was a ninety-nine year lease; that it was inequitable to declare a forfeiture of a lease of this duration which had been in existence for only about two years when this suit was instituted merely because of the failure to pay the taxes despite the 30-day notice given and in spite of the specific terms and provisions of the lease itself.
There appears nowhere in this record any offer or tender on the part of the lessee to make good the arrearages and defaults revealed by the complaint and supporting evidence. If such had appeared, our ultimate conclusion might have been different.
We are cognizant of the rule that equity abhors a forfeiture and we are aware of cases such as Rader v. Prather, 100 Fla. 591, 130 So. 15, where equity has given relief against forfeiture of a lease for failure to pay rent required by the terms of the lease. However, in these cases it should be noted that the primary condition if not the sole stipulation required as a condition precedent to relief against the forfeiture is that the tenant effectively and in good faith tender payment of the arrears of rent in order to obtain equitable relief against an unfair and unjust termination of the tenancy. See also Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 79.
This Court has recognized the propriety of proceeding in a court of equity to enforce a landlord’s lien for rent pursuant to specific provisions of the lease contract. See Richardson v. Myers, 106 Fla. 136, 143 So. 157. Furthermore, it appears to us that under the particular contract involved in this litigation it was peculiarly appropriate that the lessor pursue his desired relief in a court of equity in order to obtain the appointment of a receiver, the termination of the lease which had been placed of record, as well as the declaration of the landlord’s lien and other relief incidental thereto. Although the matter of the failure of a tenant to tender the arrear-ages and make good the defaults was discussed in the oral arguments of this case, the briefs of counsel make little or no reference thereto. In our view, however, the failure to make the tender is determinative of the cause. We fail to find in the record any separate security deposit to protect the landlord against such defaults as was discussed in Hyman v. Cohen, Fla.1954, 73 So.2d 393.
The lease agreement in the case at bar specifically provided for the appointment of the receiver upon the occurrence of the default described in the complaint. It granted to the landlord a lien against the rents, isues and profits of the demised premises. It was a comprehensive long-term lease that contained all of the usual covenants and provisions customarily found in such arrangements. If the contract was improvident it was the contract of the parties themselves and it is not within the province of this Court to attempt to strike a new agreement between them.
The appellant having failed to meet the conditions precedent to the granting of relief against the declaration of a forfeiture of the lease, it is now the conclusion of this Court that as lessee appellant was not in a *721 position to invoke the conscience of the Chancellor against the appointment of the receiver or the declaration of the forfeiture.
Finding no error, therefore, the decree of the lower court is
Affirmed.
DREW, C. J., and TERRELL, SE-BRING and HOBSON, JJ., concur.
THOMAS, J., dissents.
ROBERTS, J., not participating.