In re CM SYSTEMS, INC., Debtor.

CA LEASING SERVICE CORPORATION, d/b/a Leasing Service Corporation,

v.

Lyle CHARLES, Trustee, Defendant.

Bankruptcy No. 86–1643–8P1.
Adv. No. 87–415.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 7, 1988.

See also, Bkrtcy., 86 B.R. 286, Bkrtcy., 89 B.R. 947.

Tompkins A. Foster, Orlando, Fla., for plaintiff.

C. Stephen Allen, Tampa, Fla., for defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration with notice to all parties in interest upon cross Motions for Summary Judgment filed by CA Leasing Service Corporation (CA Leasing), the Plaintiff in this adversary proceeding and by Lyle Charles, the Trustee in this Chapter 11 case. It is the contention of both parties that there are no genuine issues of material fact and that the dispute may be resolved as a matter of law. The Court has considered the Motions together with the record and finds the relevant facts to be as follows:

On October 22, 1987, CA Leasing filed its complaint against the Trustee to determine the extent of its lien on certain collateral described as a Pettibone loader. It appears that on December 6, 1985, an entity known as Coastal Leasing, Inc., and the Debtor entered into an Equipment Lease Agreement for three caterpillar off-highway trucks. To secure the obligations under the lease, the Debtor granted Coastal Leasing a security interest in the following property:

"... the equipment and any and all inventory, goods, equipment, machinery, fixtures and assets of any and every kind, wherever located, now or hereafter belonging to debtor, or in which debtor has any interest." (Final paragraph of Exh. A to Plaintiff's Complaint)

A Financing Statement (Form UCC-1) describing the collateral as "all machinery, inventory, equipment and goods as described in attached entire agreement and/or in any schedule prepared in connection therewith this UCC form together with the attached security agreement and/or schedule are being submitted for filing herewith as a financing statement." In addition the truck lease and the Security Agreement were attached to the UCC-1 statement and were filed with the Secretary of State of Florida on December 16, 1985. The lease was subsequently assigned to CA Leasing on December 9, 1985 (Exh. B to Plaintiff's Complaint).

It further appears that on July 2, 1986, the Debtor filed a Motion to reject the lease with CA Leasing. The Motion was granted, and on December 23, 1986, the Trustee filed a Notice of Rejection of the lease and filed a Motion to Sell a Pettibone loader, and on October 28, 1986, this Court entered an Order approving the sale subject to all existing liens to Bickey Construction Co., Inc., who filed a Motion to Intervene as a party defendant which was granted by this Court. Bickey has since filed a crossclaim against the Debtor seeking damages in the event the Court determines that CA Leasing has a perfected security interest in the Pettibone loader on the grounds that the sale was subject only to those liens as to which Bickey had knowledge, and Bickey had no knowledge of any interest on the part of CA Leasing.

It is the contention of CA Leasing that due to the properly filed UCC-1 Statement, it has a perfected security interest in the Pettibone loader. In opposition, Bickey and the Trustee maintain first that any existing security interest was extinguished when the lease was rejected. Next, the Trustee and Bickey contend that the security interest claimed by CA Leasing in its UCC-1 Statement is overly broad, and thus is ineffective because it fails to describe the property on which CA Leasing maintained a security interest with sufficient specificity. Particularly, the Trustee and Bickey contend that the Security Agreement and Financing Statement do not cover any equipment not described by specific name and model number.

The Trustee's and Bickey's first contention is completely without merit as it is clear that the rejection of a lease does not change a lessor's status from secured to unsecured. *Leasing Service Corp. v. First Tennessee Bank National Association,* 826 F.2d 434 (6th Cir.1987). Their second contention likewise fails. Fla.Stat. § 679.110, provides that "... any description of personal property ... is sufficient

whether or not it is specific if it reasonably identifies what is described...." In this case, both the Security Agreement and the Financing Statement identified by reference the collateral according to type, which is sufficient under Florida law, and it is clear that their failure to identify specifically the equipment by model number is not fatal as descriptions of the collateral need not be of a specific and detailed nature. *See* Uniform Commercial Code Comment to Fla.Stat. § 679.110. The purpose of the description of the collateral is to put the world on notice of the security interest and that inquiry regarding the extent of the security interest may be necessary. *Richardson v. Myers*, 106 Fla. 136, 143 So. 157 (Fla.1932). Moreover, the description of the collateral in the Financing Statement is sufficient as it need only contain a statement indicating the types or descriptions generally of the items subject to the security interest. Fla.Stat. § 679.402. In this case the copy of the Security Agreement placed on the public record is sufficient by itself to serve as a Financing Statement simply because it contains a sufficient description of the types of collateral. *See* Fla.Stat. § 679.402(1). It is evident that there is no reason why the Financing Statement which describes the types of collateral and in addition refers to the Security Agreement would not be sufficient for perfection of the security interest claimed by CM Leasing.

There being no genuine issues of material fact, it is appropriate to dispose of the issues as a matter of law. Based on the foregoing, this Court is satisfied that the Trustee's Motion for Summary Judgment is not well taken and should be denied, and CA Leasing's Motion for Summary Judgment is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that regarding the crossclaim of Bickey against the Trustee, this Court is satisfied that the same should be set for pre-trial conference on <u>Aug. 11, 1988</u> at <u>9:45 a.m.</u>.

It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted.